# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **RODNEY TWITTY,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | ) **Case No. 4:10cv1659 RWS/TCM** |
| | ) |
| **TERRY RUSSELL,**[1] | ) |
| | ) |
| **Respondent.** | ) |

## ORDER AND REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Rodney Twitty (Petitioner), a Missouri prisoner, petitions the United States District

Court for the Eastern District of Missouri for federal habeas corpus relief from a conviction

after a guilty plea.  See 28 U.S.C. § 2254.  Respondent filed a response, along with exhibits

consisting of materials from the underlying state court proceedings.  (See Docs. 8 and 9).  In

his reply, Petitioner requested an evidentiary hearing and provided certain materials from those

state court proceedings.[2]  (See Doc. 13.)

---

[1] The record reveals that Petitioner was incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) at the time this habeas action was filed and is still incarcerated there. Steve Larkins, the originally named Respondent, was the Warden of the ERDCC when Petitioner filed this action, but Terry Russell is now the ERDCC's Warden and will be substituted as the proper Respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner is serving concurrent terms of imprisonment as a result of the judgment he is now challenging. Because Petitioner is not challenging a sentence he will serve in the future, it is not necessary to name the Attorney General of Missouri, Chris Koster, as a respondent. See Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts.

[2] Petitioner identifies those attached exhibits as:  Exhibit 1, the Record on Appeal; Exhibit 2, the Transcript of Guilty Plea and Sentencing; Exhibit 3, Part 2 of the Post-Conviction Evidentiary Hearing Transcript; Exhibit 4, Petitioner's Brief in ED94405; Exhibit 5, Petitioner's Reply Brief in

This matter is before the undersigned United States Magistrate for disposition of Petitioner's request for evidentiary hearing and for a review and a recommended disposition of Petitioner's federal habeas petition. See 28 U.S.C. § 636(b). After careful consideration, the Court will deny Petitioner's request for an evidentiary hearing. Finding that the first ground for relief in Petitioner's habeas petition lacks merit and that the other claim is procedurally defaulted, and concluding that Petitioner failed to demonstrate either cause and prejudice or actual innocence so as to allow this Court to consider the merits of the

---

ED94405; and Exhibit 6, the Missouri Court of Appeals' decision in ED94405. (See Pet'r Notice of Filing Exs. [Doc. 13-1].)

Petitioner's exhibits are the same as certain exhibits filed by Respondent. Petitioner's Exhibits 1 and 2 are the same as Respondent's Exhibit 9, without pages 1-4 of Respondent's Exhibit 9 and without the reporter's certificate for an October 24, 2008, proceeding that is in Respondent's Exhibit 9 (see reporter's certificate between pages 20 and 21 of Respondent's Ex. 9). Petitioner's Exhibit 3, identified as Part 2 of the Post-Conviction Evidentiary Hearing Transcript, is located at pages 78-86 of Petitioner's Exhibits (Document 13 [Doc. 13-4]) and is the same as Respondent's Ex. 2. Petitioner's Exhibit 4, his pro se brief in Twitty v. Missouri, No. ED94405 [Doc. 13-6], is the same as Respondent's Exhibit 10. Petitioner's Exhibit 5, his pro se reply brief in Twitty v. Missouri, No. ED94405 [Doc. 13-7], is the same as Respondent's Exhibit 12, except that Respondent's Exhibit 12 does not have the following pages that are in Petitioner's Exhibit 5: a page marked "A3-A3," which is a verification by the ERDCC's Assistant Offender Finance Officer, Darlene Wansing, of the attached printout of Petitioner's offender account from July 1, 2009, through January 14, 2010; and the page marked "A3-A4," which is the first page of the Petitioner's offender account statement, reporting transactions from July 1, 2009 to July 11, 2009. Petitioner's Exhibit 6, the decision of the Eastern District of the Missouri Court of Appeals in Case Number ED94405, is the same as Respondent's 13.

For convenience and clarity, to make sure this Court relies on materials that were before the state courts, and noting that all materials submitted by Petitioner have been submitted by Respondent, with the exception of two pages related to Petitioner's inmate account in 2009, which material is not pertinent to the issues before this Court in Petitioner's federal habeas proceeding, the Court will refer to Respondent's exhibits when discussing state court materials that are available of record.

procedurally barred claim, the undersigned recommends dismissing the petition without further proceedings.

## **Background**

Petitioner was charged with committing

-- first-degree robbery in violation of Mo. Rev. Stat. § 569.020 and armed criminal action in violation of Mo. Rev. Stat. § 571.015, on June 10, 2005, for stealing, while displaying a dangerous instrument, a ring and a wallet possessed by Thomas Kelly (Counts I and II of the Information in lieu of indictment, Legal File, Resp't Ex. 3, at 18-21);

-- second-degree robbery, in violation of Mo. Rev. Stat. § 569.030, for forcibly stealing on July 12, 2005, a purse possessed by Marie Schaffer (Count X of the Information in lieu of indictment, Legal File, Resp't Ex. 3, at 18-21); on August 25, 2005, a wallet possessed by Robert Thompson (Count III of the Information in lieu of indictment, Legal File, Resp't Ex. 3, at 18-21); on August 26, 2005, a wallet possessed by Michael Boyer (Count IV of the Information in lieu of indictment, Legal File, Resp't Ex. 3, at 18-21); on September 13, 2005, a wallet possessed by Arthur Morrison (Count IX of the Information in lieu of indictment, Legal File, Resp't Ex. 3, at 18-21); and on September 16, 2005, a wallet possessed by John Bradley (Count VII of the Information in lieu of indictment, Legal File, Resp't Ex. 3, at 18-21);

-- first-degree robbery, in violation of Mo. Rev. Stat. § 569.020, for forcibly stealing on September 14, 2005, a wallet in the possession of Edward Thomas and causing Thomas serious physical injury (Count V of the Information in lieu of indictment, Legal File, Resp't Ex. 3, at 18-21); and

-- first-degree burglary, in violation of Mo. Rev. Stat. § 569.160, for knowingly entering unlawfully on September 13, 2005, an inhabitable structure possessed by Morrison while Morrison was in the structure (Count VIII of Information in lieu of indictment, Legal File, Resp't Ex. 3, at 18-21), and on September 14, 2005, a building possessed by Thomas while Thomas was in the building (Count VI of the Information in lieu of indictment, Legal File, Resp't Ex. 3, at 18-21).

On June 18, 2007, the State nolle prosed Counts VIII, IX, and X regarding the offenses involving Morrison and Schaffer. (Mem., filed June 18, 2007, Legal File, Resp't Ex. 3, at 22.) Trial on the remaining seven counts was scheduled for September 10, 2007.[3] (See, e.g., July 2, 2007, and July 5, 2007, entries on docket sheet, Legal File, Resp't Ex. 3, at 10.)

On September 5, 2007, Petitioner entered an Alford[4] plea to each of the seven remaining counts. (Plea Tr., Legal File, Resp't Ex. 3, at 25-38). Thereafter, the trial court

---

[3] The trial court's docket sheet reports that Petitioner's trial began on June 18, 2007, when the parties, through their attorneys, including an attorney for Petitioner other than the attorney who represented Petitioner during his plea and sentencing, began voir dire. (See June 18, 2007, entry on docket sheet, Legal File, Resp't Ex. 3, at 8.) Voir dire could not be completed that day because, as reported in the docket entry, "[t]here [we]re not enough jurors to select a jury panel," and the trial court directed the attorneys to appear the next morning. (Id.) The next morning, Petitioner and the prosecutor appeared, but Petitioner's attorney did not, and the trial judge declared a mistrial after speaking with that attorney, who reported she could not appear for trial because she was "violently ill." (See June 19, 2007, entry on docket sheet, Legal File, Resp't Ex. 3, at 9.) At that time, trial was rescheduled for July 30, 2007. (Id.) On June 25, 2007, the attorney who represented Petitioner during his plea and sentencing entered his appearance. (See June 25, 2007, entry on docket sheet, Legal File, Resp't Ex. 3, at 10.) Petitioner then filed three motions to suppress, a request for discovery, and a motion for continuance. (See June 27, 2007, entry on docket sheet, Legal File, Resp't Ex. 3, at 10.) The trial court subsequently rescheduled trial for September 10, 2007. (See, e.g., July 2, 2007, and July 5, 2007, entries on docket sheet, Legal File, Resp't Ex. 3, at 10.)

[4] This reference is to the United States Supreme Court decision in **North Carolina v. Alford**, 400 U.S. 25 (1970).

("plea court") sentenced Petitioner to concurrent terms of imprisonment of sixteen years for the first-degree robbery offense in Count I and seventeen years for the first-degree robbery offense in Count V; seven years for the armed criminal action offense in Count II; seven years for each of the second-degree robbery offenses in Counts III, IV, and VII; and five years for the first-degree burglary offense Count VI. (Sentencing Tr., Resp't Ex. 4, at 41-43; J., Legal File, Resp't Ex. 3, at 39-45.) Petitioner did not file an appeal.

Petitioner did, however, file a timely pro se motion for post-conviction relief under Missouri Supreme Court Rule 24.035 ("post-conviction motion"). (Pet'r Pro se Post-Conviction Mot., Legal File, Resp't Ex. 3, at 50-68.) Through appointed counsel, Petitioner subsequently filed an amended post-conviction motion, including a request for an evidentiary hearing. (Pet'r Am. Post-Conviction Mot., Legal File, Resp't Ex. 3, at 79-88.) In his amended post-conviction motion, Petitioner presented one claim: that his plea attorney provided ineffective assistance of counsel by promising Petitioner that, in return for his <u>Alford</u> pleas, "he would receive probation for the robbery and burglary counts and a minimum 3-year sentence for the armed criminal action count"; and by advising Petitioner "not [to] reveal" this promised probation. (<u>Id.</u> at 80-81.)

The motion court conducted an evidentiary hearing at which Petitioner, Petitioner's wife, and Petitioner's plea attorney testified. (Evidentiary Hr'g Tr., Part I, Resp't Ex. 1; Evidentiary Hr'g Tr., Part II, Resp't Ex. 2.) The motion court subsequently denied the motion. (Findings of Fact, Conclusions of Law, and Order ("Judgment"), dated Oct. 27, 2008, Legal File, Resp't Ex. 3, at 89-92.) In its decision, the motion court stated, in relevant part, that it

"disbelieve[d Petitioner's] testimony that [his attorney] promised him that he would be sentenced to three years imprisonment on the armed criminal action count and that he would receive probation on the other counts."  (Legal File, Resp't Ex. 3 at 3-4.)

In the only point raised in his post-conviction appeal, Petitioner argued that the motion court clearly erred in denying his post-conviction motion after an evidentiary hearing in that his plea attorney provided ineffective assistance of counsel by "guaranteeing [Petitioner] would get probation in exchange for [the] <u>Alford</u> plea, with the threat of getting punished for taking his case to trial."  (Pet'r Br., Resp't Ex. 5, at 9 and 10.)

The Missouri Court of Appeals for the Eastern District affirmed the motion court's decision in a summary order, supplemented by a memorandum sent only to the parties setting forth the reasons for the decision.  (Per Curiam Order and Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated Dec. 8, 2009,  Resp't Ex. 7.)  In its opinion, the state appellate court found as follows.

> [Petitioner] entered <u>Alford</u> pleas to two counts of robbery in the first degree, Section 569.020, RSMo 2000, for which he was sentenced to sixteen years' imprisonment for one count and seventeen years' imprisonment on the other count, one count of armed criminal action, Section 571.015, for which he was sentenced to seven years' imprisonment, three counts of robbery in the second degree, Section 56[9].030, for which he was sentenced to seven years' imprisonment for each count, and one count of burglary in the first degree, [Section] 569.160, for which [Petitioner] was sentenced to five years' imprisonment. All [of Petitioner]'s sentences were to run concurrently for a total of seventeen years' imprisonment.  At the plea hearing, [Petitioner] was advised of the full range of punishment for each count and the mandatory minimum sentence of three years for armed criminal action. [Petitioner] stated he understood the sentences and that the sentences could be imposed consecutively. [Petitioner] agreed that he knew the court would impose the sentence and that the court did not promise probation.  [Petitioner] acknowledged that he knew

that if he did not get probation, he could not withdraw his guilty plea. [Petitioner] stated his plea counsel had not made any promises to him to get him to plead guilty. Further, [Petitioner] stated no one told him to lie. In addition, [Petitioner] stated he was satisfied with the services of his attorney.

Thereafter, [Petitioner] filed his [post-conviction] motion . . . . [Petitioner] alleged his plea counsel was ineffective for promising him that, in return for his guilty pleas, [Petitioner] would receive probation for the robbery and burglary counts and a minimum three-year sentence for the armed criminal action count.

At the evidentiary hearing, [Petitioner] testified his plea counsel told him that if he went to trial he would be found guilty and that the judge would impose a sentence of thirty to forty years. [Petitioner] testified his plea counsel told him that if he pleaded guilty, [Petitioner] would receive three years on the armed criminal action count and probation[] on the other counts. [Petitioner] further testified [his] plea counsel told him to answer in the negative when the court asked him if any promises had been made. In a separate evidentiary hearing, [Petitioner]'s plea counsel testified he went over all the charges and range of punishment with [Petitioner]. Plea counsel stated he told [Petitioner] that he could theoretically get probation, but that it was unlikely. Plea counsel testified he did not guarantee probation. After preparing to take [Petitioner]'s case to trial, plea counsel did not think the case should go to trial. Plea counsel stated the State's recommendation was thirty years' imprisonment and [Petitioner] did not want to accept that recommendation. While plea counsel did advise [Petitioner] to plead guilty, he testified he told [Petitioner] that he should not plead guilty if he expected to receive a sentence of three years. Plea counsel also testified that he thought a jury would impose a greater sentence than the judge.

Following the evidentiary hearing, the motion court denied [Petitioner]'s [post-conviction] motion. The motion court did not believe [Petitioner]'s testimony that plea counsel had promised him he would be sentenced to three years' imprisonment on the armed criminal action count and receive probation on the other counts. The motion court found plea counsel was not ineffective and [Petitioner]'s plea was not involuntary. This appeal follows.

*   *   *

In his sole point, [Petitioner] contends the motion court clearly erred in denying his motion because he established his plea counsel was ineffective for

guaranteeing that [Petitioner] would get probation in exchange for a blind <u>Alford</u> plea and threatening [Petitioner] with substantial time if he went to trial. We disagree.

To prove ineffective assistance of counsel, the movant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he was prejudiced by counsel's failure. <u>Watts[ v. State]</u>, 248 S.W.3d [725,] 729 [(Mo. Ct. App. 2008)]. A movant establishes prejudice in a guilty plea case if he proves that but for the errors of counsel, he would not have pleaded guilty and would have demanded a trial. <u>Id.</u> If conviction results from a guilty plea, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges on the voluntariness and knowledge with which the plea was made. <u>Id.</u>

Here, the motion court did not believe [Petitioner]'s testimony that his plea counsel guaranteed he would receive a three-year sentence for the armed criminal action charge and probation on the remaining counts. Credibility determinations are for the motion court, and we must defer to the motion court's credibility determinations. <u>Watts</u>, 248 S.W.3d at 732. Thus, we cannot address [Petitioner]'s contention that his testimony at the plea hearing was "more believable than plea counsel's."

Furthermore, [Petitioner]'s claim is refuted by the record. At the plea hearing, [Petitioner] stated he understood the range of punishment and that he would not necessarily get probation. [Petitioner]'s plea is not rendered involuntary by his disappointed hope of receiving a lesser sentence. <u>Brown v. State</u>, 66 S.W.3d 721, 732 (Mo. banc 2002).

In addition, [Petitioner]'s claim that plea counsel told him to lie when asked if any promises were made is refuted by the record because when the plea court asked [Petitioner] if he had been told to lie, [Petitioner] responded that he had not been told to lie. Even if [Petitioner]'s claim that plea counsel instructed him to lie were true, it would not entitle [Petitioner] to relief because it would not show that his guilty plea was involuntary. <u>LaRose v. State</u>, 724 S.W.2d 339, 340 (Mo. [Ct.] App. 1987) (even if there was proof that the [post-conviction] movant had lied, this would not entitle the movant to relief because it does not show the guilty plea was involuntary[]).

[Petitioner]'s assertion that plea counsel's advice to plead guilty amounted to "the threat of being punished for taking his case to trial" also fails.

[Petitioner] has not shown plea counsel's advice was unreasonable. It is plea counsel's duty "to advise the client of the possible consequences of trial as a basis for an informed decision by the client as to whether to accept or reject the plea agreement." Brown v. State, 821 S.W.2d 113, 116-17 (Mo. [Ct.] App. . . . 1991). The mere predic[]tion of a possible result of a trial does not render a guilty plea involuntary. Tyus v. State, 913 S.W.2d 72, 72 (Mo. [Ct.] App. . . . 1995).

The motion court's findings of fact and conclusions of law that [Petitioner]'s plea was not involuntary are not clearly erroneous. The motion court did not err in denying [Petitioner]'s claim. Point denied.

The motion court's denial of [Petitioner]'s [post-conviction] motion after an evidentiary hearing is affirmed.

(Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated Dec. 8, 2009, Resp't Ex. 7, at 2-6 (footnotes omitted).) The state appellate court issued its mandate on January 5, 2010. (See Jan. 5, 2010, entry on docket sheet for Twitty v. State, No. ED92308 (Mo. Ct. App. filed Dec. 5, 2008) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited on May 8, 2013).)

In early January 2010, Petitioner filed a motion arguing that his post-conviction attorney had "abandoned" him by failing to raise certain claims in his amended post-conviction motion ("motion to reconsider"). (Pet'r Mot., Resp't Ex. 9, at 87-97.) Specifically, Petitioner urged that his post-conviction attorney failed to include in the amended post-conviction motion a claim that the plea court erred in finding there was sufficient evidence to support the plea to the first-degree robbery charge in Count V (id. at 3-5) and a claim that Petitioner had not understood the Alford plea or proceedings (id. at 5-7). On January 6, 2010, the motion court denied Petitioner's motion to reconsider. (See Order, dated Jan. 6, 2010, Resp't Ex. 9, at 98.)

On February 18, 2010, Petitioner filed a notice of appeal. (Resp't Ex. 9 at 99; <u>see</u> <u>Twitty v. State</u>, No. ED 94405 (Mo. Ct. App. Oct. 12, 2010). In dismissing the appeal, the Missouri Court of Appeals stated:

<u>Factual and Procedural Background</u>

[Petitioner] entered an Alford plea of guilty, in the Circuit Court of the City of St. Louis, to two counts of robbery in the first degree, one count of armed criminal action, three counts of robbery in the second degree, and one count of burglary in the first degree. On November 16, 2007, [Petitioner] appeared for sentencing and was sentenced to a total of seventeen years in prison.

[Petitioner] filed a [post-conviction] motion on January 2, 2008. After an evidentiary hearing, the circuit court denied his motion. [Petitioner] then appealed to this Court. On December 8, 2009, we issued an order and memorandum affirming the trial court's denial of [Petitioner's post-conviction] motion . . . . This Court's mandate issued on Jan[ua]ry 5, 2010.

On January 5, 2010, [Petitioner] filed a "Motion Requesting Sua Sponte into Abandonment by Attorney [Post-Conviction Counsel] Concerning 24.035 Motion to Vacate[,] Set Aside or Correct Judgment and Sentence" [("motion to reconsider")]. In this motion, [Petitioner] sought to reopen his post-conviction motion on grounds that Post-Conviction Counsel "abandoned" him by failing to raise certain claims in [Petitioner]'s amended motion for post-conviction relief. On January 6, 2010, the circuit court entered its judgment denying [Petitioner]'s motion. [Petitioner] filed a notice of appeal to this Court on February 18, 2010.

<u>Discussion</u>

Post-conviction motions filed pursuant to Rule 24.035 are governed by the rules of civil procedure "insofar as applicable." Rule 24.035(a); <u>Cook v. State</u>, 156 S.W.3d 418 (Mo. [Ct.] App. . . . . 200[5]). Normally, a notice of appeal must be filed "not later than ten days after the judgment or order appealed from becomes final." Rule 81.04(a); <u>State v. Arnold</u>, 230 S.W.3d 353, 354 (Mo. [Ct.] App. . . . 2007). A judgment becomes final thirty days after its entry, if no timely authorized after-trial motion is filed. Rule 81.05(a)(1).

When computing any time prescribed under the Rules of Civil Procedure, the day of the judgment is not included, but the last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day. Rule 44.01(a).

The Missouri Supreme Court has found that the burden placed on a movant to ascertain whether a proper notice of appeal is timely filed is not an unreasonable one. Gehrke v. State, 280 S.W.3d 54, 58 (Mo. banc 2009). The time limits for filing a notice of appeal are mandatory. State v. Thomson, 144 S.W.3d 892 (Mo. [Ct.] App. . . . 2004). If a notice of appeal is untimely filed, the appellate court may dismiss the matter. State v. Curtis, 171 S.W.3d 763 (Mo. [Ct.] App. . . . 2005).

Here, [Petitioner] appeals from the judgment entered on January 6, 2010. The judgment became final thirty days later, on February 5, 2010. Rule 81.05(a)(1). [Petitioner] had ten days after February 5, 2010, to file a notice of appeal to contest that judgment. Ten days from February 5, 2010, was February 15, 2010, which was President's Day, a legal holiday. Therefore, pursuant to Rule 44.01(a), [Petitioner] had until the following day, February 16, 2010, to file his notice of appeal. [Petitioner] filed his notice of appeal on February 18, 2010, two days beyond the deadline. Although Rule 30.03 allows a party to seek leave to file a notice of appeal out of time, [Petitioner] did not file any such request. Because [Petitioner]'s notice of appeal was untimely filed, we dismiss his appeal.

## Conclusion

The appeal is dismissed.

(Twitty v. State, No. ED94405, Opinion (Mo. Ct. App., dated Oct. 12, 2010), Resp't Ex. 13, at 2-3 (ninth and tenth alterations in original).) The state appellate court issued its mandate on November 4, 2010. (See Nov. 4, 2010, entry on docket sheet for Twitty v. State, No. ED94405 (Mo. Ct. App. filed Dec. 5, 2008) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited on May 8, 2013).)

Petitioner then filed his present federal habeas petition, in which he asserts two grounds

for relief based on the ineffective assistance of his plea attorney. In his first ground for relief, Petitioner urges that the plea attorney misled Petitioner about the sentence he would receive in that Petitioner understood he would receive a three-year term of imprisonment and probation. As to his second ground for relief, Petitioner contends his plea attorney failed thoroughly to investigate because the attorney failed to determine there was insufficient evidence to sustain a conviction on the first-degree robbery offense in Count V.

After acknowledging that Petitioner timely filed his habeas petition, Respondent argues that the state appellate court's determination that the first ground for relief lacked merit, both because of the motion court's credibility determination and because the record refutes the claim, was consistent with and a reasonable application of **Strickland v. Washington**, 466 U.S. 668 (1984). With respect to the second ground for relief, Respondent contends that the claim is procedurally defaulted because it was not presented in Petitioner's post-conviction motion and was not raised in the post-conviction appeal.

The Court will address whether or not Petitioner's second ground for relief is procedurally barred; then will discuss the merits of ground one and, if it is not procedurally barred, ground two; and will resolve Petitioner's request for an evidentiary hearing.

### Discussion

Procedural Bar. In ground two, Petitioner alleges that his plea attorney was ineffective in failing to investigate to ascertain that there was insufficient evidence supporting the first-degree robbery offense in Count V, because the injury to the victim occurred after Petitioner had already taken the victim's wallet. Respondent counters that this ground for relief is

procedurally barred, and may not be considered on its merits, because Petitioner failed to pursue it in his post-conviction motion and post-conviction appeal.

A state prisoner must fairly present each of his claims in each appropriate state court before seeking federal habeas review of the claim. **Baldwin v. Reese**, 541 U.S. 27, 29 (2004). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition. **Wemark v. Iowa**, 322 F.3d 1018, 1021 (8th Cir. 2003) (internal quotation marks and citations omitted). Claims that have not been fairly presented to the state courts are procedurally defaulted if a state court remedy for presentation of those claims is not available. **Skillicorn v. Leubbers**, 475 F.3d 965, 976-77 (8th Cir. 2007); **Abdullah v. Groose**, 75 F.3d 408 (8th Cir. 1996) (en banc).

Missouri requires the raising of constitutional claims at the first available opportunity. See **In re T. E.**, 35 S.W.3d 497, 504 (Mo. Ct. App. 2001); accord **In Re J. L. B.,** 280 S.W.3d 147, 159 (Mo. Ct. App. 2009); **In re J. M. N.**, 134 S.W.3d 58, 73 (Mo. Ct. App. 2004). After a guilty plea, Rule 24.035 provides the "exclusive procedure" for presentation to state courts of "claims that [a] conviction or sentence imposed violates the . . . constitution of the United States, including claims of ineffective assistance of trial and appellate counsel." Rule 24.035(a).[5] A decision on a motion pursued under Rule 24.035 may be appealed, Rule

---

[5] An appeal from a guilty plea is not the proper time to present federal constitutional claims in state court as "[i]t is well settled that in a direct appeal from a guilty plea, th[e Missouri appellate] court's review is restricted to the subject-matter jurisdiction of the trial court or the sufficiency of the information or indictment." **State v. Goodues**, 277 S.W.3d 324, 326 (Mo. Ct. App. 2009); accord **State ex rel. Simmons v. White**, 866 S.W.2d 443, 446 n.4 (Mo. 1993) (en banc).

24.035(k), and successive motions may not be filed, Rule 24.035(l). Therefore, Petitioner was required to present to a lower and an appellate state court, in a post-conviction proceeding under Rule 24.035, any federal constitutional claim he had, including claims that his attorney provided ineffective assistance of counsel.

As Petitioner concedes, he did not present his second ground for federal habeas relief in his pro se post-conviction motion. Nor did Petitioner pursue that claim in his amended post-conviction motion or in his post-conviction appeal. Under the circumstances, Petitioner has not complied with Missouri's requirements for the presentation of his second federal habeas claim to the state courts, Petitioner does not now have a state court remedy for presentation of that claim, and that ground for relief is procedurally defaulted. <u>See</u> **Interiano v. Dormire**, 471 F.3d 854, 856 (8th Cir. 2006) (finding that claims not presented in an amended post-conviction motion or appeal from the denial of that motion are procedurally defaulted); **Sweet v. Delo**, 125 F.3d 1144, 1149-50 (8th Cir. 1997) (finding two of the petitioner's federal habeas claims defaulted because they were not presented at any stage of his post-conviction proceedings and one of the petitioner's claims was defaulted because he "failed to raise it in his post-conviction appeal").

Absent a showing of cause and prejudice or a miscarriage of justice, a federal habeas court may not reach the merits of a federal constitutional claim procedurally defaulted due to a petitioner's failure to follow applicable state rules in raising the claim in state court. **Sawyer v. Whitley**, 505 U.S. 333, 338-39 (1992); <u>accord</u> **Skillicorn**, 475 F.3d at 976-77 ("Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a

[federal habeas] court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims"). "Cause for a procedural default exists where 'something *external* to the petitioner, something that cannot fairly be attributed to him[,] .. . 'impeded [his] efforts to comply with the State's procedural rule.'" **Maples v. Thomas**, 132 S. Ct. 912, 922 (2012) (alterations in original) (quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991)). There is no exhaustive catalog of the objective impediments "and the precise contours of the cause requirement have not been clearly defined." **Ivy v. Caspari**, 173 F.3d 1136, 1140 (8th Cir. 1999). If no cause is established, it is unnecessary to consider whether Petitioner has demonstrated prejudice. **Abdullah**, 75 F.3d at 413.

Petitioner contends his post-conviction attorney's failure to present the claim in his amended post-conviction motion, as Petitioner requested, constitutes abandonment of Petitioner and cause excusing the procedural default. In **Coleman**, supra, the United States Supreme Court ruled that the ineffective assistance of post-conviction counsel cannot constitute cause for a procedural default because there is no constitutional right to an attorney in state post-conviction proceedings. **Coleman**, 501 U.S. at 752-55. More recently, the Supreme Court found that, under very limited circumstances, the conduct of post-conviction counsel may constitute "cause" for a procedural default. See **Maples**, supra; **Martinez v. Ryan**, 132 S. Ct. 1309 (2012).

In **Maples**, the abandonment of a petitioner by his post-conviction counsel, without notice to the petitioner, and resulting in the petitioner's failure to file a timely appeal in the

post-conviction proceeding, constituted cause for that failure. **Maples**, 132 S. Ct. at 922-24.

This decision does not aid Petitioner here because there is no indication of record that

Petitioner's post-conviction counsel engaged in conduct that may be considered the

abandonment of Petitioner. To the contrary, Petitioner's post-conviction counsel filed an

amended post-conviction motion setting forth an ineffective assistance of counsel claim,

requested and represented Petitioner in an evidentiary hearing before the post-conviction

motion court, and then filed a notice of appeal and an appellate brief on behalf of Petitioner

to challenge the motion court's disposition of Petitioner's post-conviction motion. While

Petitioner may disagree with how his attorney handled his post-conviction proceedings and

the claim the attorney presented, or failed to present, nothing in the available record indicates

that the actions taken by Petitioner's post-conviction counsel may be characterized as

abandoning Petitioner. Therefore, **Maples** does not support a finding of "cause" to excuse the

procedural default under the circumstances of this case.

 **Martinez** also does not support a finding of "cause" here. In that case, the Supreme

Court held that

> when a State[, like Missouri,] requires a prisoner to raise an ineffective-
> assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may
> establish cause for a default of an ineffective-assistance claim in two
> circumstances. The first[, which does not apply here,] is where the state courts
> did not appoint counsel in the initial-review collateral proceeding for a claim of
> ineffective assistance at trial. The second is where appointed counsel in the
> initial-review collateral proceeding, where the claim should have been raised,
> was ineffective under the standards of Strickland[, supra]. To overcome the
> default, a prisoner must also demonstrate that the underlying ineffective-
> assistance-of-trial-counsel claim is a substantial one, which is to say that the
> prisoner must demonstrate that the claim has some merit.

**Martinez**, 132 S. Ct. at 1318. Here, Petitioner's underlying claim that his plea attorney provided ineffective assistance in failing to challenge the sufficiency of the evidence supporting the first-degree robbery charge in Count V lacks merit and is, therefore, not substantial under **Martinez**.

To establish an ineffective assistance of counsel claim, a petitioner must satisfy the two-part test set forth in **Strickland**, supra, which applies to ineffective assistance of counsel challenges to guilty pleas. **Hill v. Lockhart**, 474 U.S. 52, 58-59 (1985). Specifically, when a plea results in the conviction challenged in the federal habeas proceeding, the petitioner must show that his counsel's performance was deficient, i.e., counsel's representation fell below an objective standard of reasonableness, and that he would not have pled guilty to the charge and would have insisted on going to trial but for that deficient performance. **Id.** at 59; **Wilcox v. Hopkins**, 249 F.3d 720, 722 (8th Cir. 2001). Importantly, however, an attorney cannot provide ineffective assistance by failing to pursue matters that lack merit. **Dodge v. Robinson**, 625 F.3d 1014 (8th Cir. 2010) ("Having found [the petitioner]'s double-jeopardy claim to be without merit, we have no difficulty deciding that his counsel's failure to raise the claim at trial could not constitute ineffective assistance. See Thomas v. United States, 951 F.2d 902, 905 (8th Cir. 1991) (per curiam) ('Counsel's failure to raise . . . meritless issues does not constitute ineffective assistance.')"); **Graves v. Ault**, 614 F.3d 501, 507 (8th Cir. 2010) ("trial counsel could not have been ineffective for failing to raise a state law claim with no merit, see Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994) (holding claim of ineffective assistance of counsel fails when underlying claim was 'rejected as meritless')").

Petitioner argues his plea attorney should have pursued a challenge to Count V because Petitioner seriously injured the victim after he took the victim's wallet, rather than during the taking of the wallet. Under Missouri law, however, a defendant's conduct occurring immediately after the forcible taking of property from a victim may be sufficient to establish first-degree robbery.

Missouri Revised Statutes § 569.020.1 provides that a person commits first-degree robbery

> when he forcibly steals property and in the course thereof he . . .
>
> (1) Causes serious physical injury to any person; or
>
> (2) Is armed with a deadly weapon; or
>
> (3) Uses or threatens the immediate use of a dangerous instrument against any person; or
>
> (4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

"Forcibly steals" is statutorily defined as when in the course of stealing, as defined in Mo. Rev. Stat. 570.030, a person

> uses or threatens the immediate use of physical force upon another person for the purpose of:
>
> (a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
>
> (b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft.

Mo. Rev. Stat. § 569.010(1). Missouri case law establishes that the "in the course" of phrase

in the statutory definition of first-degree robbery encompasses circumstances occurring immediately after the forcible taking of the property from another.  See, e.g., **State v. Umfress**, 50 S.W.3d 880, 884 (Mo. Ct. App. 2001) (there was sufficient evidence for first-degree robbery in circumstances where the defendant immediately displayed a gun only after he obtained the property and while he was leaving the scene, because those circumstances showed "that [the d]efendant was still in the course of taking the property"); accord **Hamilton v. State**, 300 S.W.3d 538 (Mo. Ct. App. 2009) (there was sufficient evidence for first-degree robbery in circumstances where the defendant removed beer from a store and then "displayed a knife and threatened to stab store employees when asked to come back inside the store and pay . . . . [The defendant] was in possession of the beer at the time he threatened the use of physical force.  He had not abandoned the property and was not merely attempting to escape").

In Count V, Petitioner was charged with committing first-degree robbery in violation of Mo. Rev. Stat. § 569.020 by forcibly stealing "a wallet in the possession of Edward Thomas, and in the course thereof . . . caus[ing] serious physical injury to" Thomas. (Information in lieu of indictment, Legal File, Resp't Ex. 3, at 19.)  In Count VI, Petitioner was charged with first-degree burglary in that he knowingly and unlawfully entered a building possessed by Thomas, and in which Thomas was present, to commit robbery.  (Id.)  During the plea proceeding, the prosecutor explained that

> With respect to Counts V and VI, Edward Thomas was walking to his garage, after having done some yard work, when [Petitioner] entered the garage with Mr. Thomas inside.  He took the wallet from Mr. Thomas, and, as Mr. Thomas came to the garage door to try to get a license plate number, [Petitioner] came back to the garage and knocked Mr. Thomas to the ground.  Mr. Thomas

> sustained a fractured acetabulum and had to be in rehab for several weeks after that. He currently now has one leg about half an inch shorter than the other and has to have a lift in his shoe.

(Plea Tr. at 9-10, Legal File, Resp't Ex. 3, at 28.) Petitioner agreed that the prosecutor accurately described the evidence she would present at trial on these counts and acknowledged his belief that he would be found guilty based on that evidence if he went to trial. (Id.)

The reported evidence is sufficient to support a finding that Petitioner was guilty of first-degree robbery because he caused serious physical injury to the victim upon taking the victim's wallet, while Petitioner was still in possession of the wallet at the scene of the robbery, and under circumstances showing that Petitioner had not abandoned the wallet. See **Hamilton**, 300 S.W.3d at 541-42; **Umfress**, 50 S.W.3d at 883-84. Therefore, any challenge by Petitioner's plea attorney to the sufficiency of the evidence supporting the first-degree robbery charge in Count V would have lacked merit. Consequently, Petitioner's claim that his plea attorney provided ineffective assistance of counsel in failing to pursue such a challenge is without merit.

Under the circumstances, Petitioner has not established that the ineffective assistance of plea counsel claim in ground two has any merit, much less some merit, and, therefore, has not satisfied the "cause" requirement under **Martinez**, supra. Due to the absence of cause, the Court will not address the prejudice element of the cause and prejudice standard applicable to procedurally defaulted claims. See **Abdullah**, supra.

The fundamental miscarriage of justice exception allowing resolution of a procedurally barred claim on its merits "requires a habeas petitioner to present new evidence that

affirmatively demonstrates that he is innocent of the crime for which he was convicted." **Abdi v. Hatch**, 450 F.3d 334, 338 (8th Cir. 2006). Petitioner must show not only new evidence, but "that 'it is more likely than not that no reasonable [fact-finder] would have convicted him in light of th[at] new evidence.'" **Osborne v. Purkett**, 411 F.3d 911, 920 (8th Cir. 2005) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)); accord **House v. Bell**, 547 U.S. 518, 536-39 (2006) (Schlup standard applies to determine whether defaulted claims in a first federal habeas petition should be considered based on actual innocence). Evidence is "new" for purposes of this test "if it was 'not available at [the plea] and could not have been discovered earlier through the exercise of due diligence.' Schlup . . . 513, U.S. [at] 327 . . . ." **Osborne**, 411 F.3d at 920 (quoting Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001)). "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" **Cagle v. Norris**, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting Schlup, 513 U.S. at 316).

Petitioner has not submitted new evidence to support the actual innocence exception allowing consideration of the merits of his defaulted claim.

Under the circumstances, ground two is procedurally barred due to Petitioner's procedural default and failure to demonstrate either cause and prejudice or a fundamental miscarriage of justice to support consideration of the merits of that procedurally barred claim.[6]

---

[6] Alternatively, the Court recommends that ground two be denied without merit based on the Court's conclusion, in the course of discussing cause under **Martinez**, that Petitioner's ineffective assistance of counsel claim in ground two lacks merit.

Merits of Ineffective Assistance of Counsel Claim in Ground One.  In ground one, Petitioner urges his plea attorney was ineffective in telling him that he would receive only a three-year term of imprisonment along with probation.  Respondent argues that the Missouri Court of Appeals reasonably applied **Strickland**, supra, in affirming the motion court's decision.

Standard of Review.  Title 28 U.S.C. § 2254(d), as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), mandates that a federal court grant habeas relief on a claim that was adjudicated on its merits by the State courts *only*

> when the state court's decision [is] contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the [United States] Supreme Court, or the [state court] decision [is ]based on an unreasonable determination of the facts in light of the evidence presented in the state court.

**de la Garza v. Fabian**, 574 F.3d 998, 1001 (8th Cir. 2009); accord **Christenson v. Ault**, 598 F.3d 990, 994 (8th Cir. 2010).

> A state court decision is contrary to clearly established federal law if it reaches a conclusion opposite to one reached by the [United States] Supreme Court on a question of law or decides the case differently than the [United States] Supreme Court has decided a case with a materially indistinguishable set of facts.

**de la Garza**, 574 F.3d at 1001; accord **Losh v. Fabian**, 592 F.3d 820, 823 (8th Cir. 2010) (quoting Williams v. Taylor, 529 U.S. 362, 412-13 (2000)).  "A state court decision involves an unreasonable application of clearly established federal law if, in the federal court's independent judgment, the relevant state court decision not only applied clearly established federal law incorrectly, but also did so unreasonably."  **de la Garza**, 574 F.3d at 1001.  "The

unreasonable application inquiry is an objective one." **Id.**; see **Losh**, 592 F.3d at 823 (under the unreasonable application clause of § 2254, a habeas petition may be granted "only if the state court applied the correct governing legal principle in an objectively unreasonabl[e] manner" (citing <u>Williams</u>, 529 U.S. at 409, 413)).

In reviewing state court proceedings to ascertain whether they are contrary to or involve an unreasonable application of clearly established federal law, this Court "is limited to the record that was before the state court that adjudicated the claim on the merits." **Cullen v. Pinholster**, 131 S. Ct. 1388, 1398 (2011). Additionally, this Court's review is limited to consideration of the United States Supreme Court precedents at the time the state court issues its decision on the merits. **Greene v. Fisher**, 132 S. Ct. 38, 44-45 (2011) (relying on <u>Cullen</u>, <u>supra</u>); <u>accord</u> **Losh**, 592 F.3d at 823 ("[o]nly rulings in [United States] Supreme Court decisions issued before the state court acts are considered clearly established federal law, for a state court does not act contrary to or unreasonably apply clearly established federal law if there is no controlling [United States] Supreme Court holding on the point" (citations omitted)). The state court does not need to cite to Supreme Court cases, "'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" **Revels v. Sanders**, 519 F.3d 734, 739 (8th Cir. 2008)) (quoting <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002) (per curiam)).

Additionally, Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" **Harrington v. Richter**, 131 S. Ct. 770, 785 (2011); <u>accord</u> **Brown v. Luebbers**, 371 F.3d 458, 462 (8th Cir. 2004) (en

banc) ("[T]he 'summary nature' of the [state court's] discussion of [a] federal constitutional question does not preclude application of [§ 2254's] standard").  "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." **Harrington**, 131 S. Ct. at 784-85; accord **Johnson v. Williams**, 133 S. Ct. 1088, 1094 (2013) (Harrington presumption applies "when a state-court opinion addresses some but not all of a [petitioner]'s claims").  This presumption may "in some limited circumstances be rebutted." **Johnson**, 133 S. Ct. at 1096.  When a state court issues a summary ruling, the petitioner can only satisfy the "unreasonable application" prong of habeas review by showing there is no reasonable basis for the state court decision, which the habeas court assesses by determining what arguments or theories could have supported the state court decision and whether fairminded jurists could disagree that those arguments or theories are inconsistent with a prior decision of the United States Supreme Court.  **Cullen**, 131 S. Ct. at 1402 (quoting Harrington, 131 S. Ct. at 784, 786).

Furthermore, in a federal habeas action pursued by a state prisoner, "a determination of a factual issue made by a State court shall be presumed to be correct" unless rebutted by the petitioner by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  The deference owed by a federal habeas court to a state court's findings of fact includes deference to state court credibility determinations, **Smulls v. Roper**, 535 F.3d 853, 864 (8th Cir. 2008) (en banc), and to "[a] state court's findings of fact made in the course of deciding" an ineffective assistance of counsel claim, **Odem v. Hopkins**, 382 F.3d 846, 849 (8th Cir. 2004).  This presumption of

correctness applies to the factual determinations made by a state court at either the trial or appellate levels.  **Smulls**, 535 F.3d at 864-65.

An accused's Sixth Amendment right to the assistance of counsel is a right to the effective assistance of counsel.  **Marcrum v. Luebbers**, 509 F.3d 489, 502 (8th Cir. 2007) (citing Kimmelman v. Morrison, 477 U.S. 365, 377 (1986)).  As discussed earlier, the Supreme Court established a two-part test for determining whether or not an attorney provided effective assistance of counsel, see **Strickland**, supra, and that test applies to ineffective assistance of counsel challenges to convictions resulting from guilty pleas.  **Hill**, 474 U.S. 57-59; **Wilcox**, 249 F.3d at 722.  Specifically, in the plea context, a petitioner must establish both deficient performance, i.e., that "counsel's representation fell below an objective standard of reasonableness," and prejudice, i.e., that the petitioner would not have pled guilty and would have insisted on going to trial but for that deficient performance.  See **Wilcox**, 249 F.3d at 722.


For the performance prong of an ineffective assistance of counsel claim,"[o]nly reasonable competence, the sort expected of the 'ordinary fallible lawyer,' is demanded by the Sixth Amendment."  **White v. Helling**, 194 F.3d 937, 941 (8th Cir. 1999) (quoting Nolan v. Armontrout, 973 F.2d 615, 618 (8th Cir. 1992)).  The court is highly deferential in analyzing counsel's conduct and "'indulg[es] a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment.'" **Armstrong v. Kemna**, 534 F.3d 857, 863 (8th Cir. 2008) (quoting Middleton v. Roper, 455 F.3d 838, 846 (8th Cir. 2006)); accord **Nguyen v. United States**, 114 F.3d 699, 704 (8th Cir. 1997) (addressing a claim that counsel

provided ineffective assistance with respect to a guilty plea and stating that "[i]n determining whether counsel's conduct was objectively reasonable, there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" (quoting Strickland, 466 U.S. at 689)).

> When a petitioner has pleaded guilty,
>
> [t]he second, or "prejudice," requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Hill, 474 U.S. at 59; accord Premo v. Moore, 131 S. Ct. 733, 743 (2011) (to prevail on the prejudice element of an ineffective assistance of counsel claim related to a guilty plea, the petitioner had to demonstrate "'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' Hill," 474 U.S. at 59). The assessment of prejudice first requires a state court to "make a predictive judgment about the effect of the alleged deficiencies of counsel" on the reasonable probability that the petitioner would have insisted on going to trial and then requires the federal habeas court to "give substantial deference to the state court's predictive judgment." Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012), petition for cert. filed, __ U.S.L.W. __ (U.S. May 2, 2013) (Nos. 12-10141, 12A807). If the state court's decision is not "contrary to" clearly established law, then the standard of "unreasonableness," applies and is "meant to be difficult to meet, . . . 'even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'"

**Id.** (quoting Harrington, 131 S. Ct. at 786.)

The question of prejudice from counsel's performance need not be reached if the performance was not deficient. See **Parkus v. Bowersox**, 157 F.3d 1136, 1140 (8th Cir. 1998). Conversely, the question of counsel's allegedly deficient performance need not be reached if a petitioner has failed to show prejudice. See **Strickland**, 466 U.S. at 697; **Williams v. Locke**, 403 F.3d 1022, 1025 (8th Cir. 2005).

Importantly, a petitioner has a heavy burden to overcome admissions the petitioner made at a plea hearing. A "defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" **Nguyen**, 114 F.3d at 703 (quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)); **Bramlett v. Lockhart**, 876 F.2d 644, 648 (8th Cir. 1989) (quoting Voytik, 778 F.2d at 1308); see also **Blackledge v. Allison**, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity" and representations of the defendant at the plea hearing "constitute a formidable barrier in any subsequent collateral proceedings").

Here, Petitioner has not satisfied his heavy burden to show the incorrectness or unreasonableness of the Missouri Court of Appeals' determination that he had not established his plea counsel provided ineffective assistance in discussing the potential sentences with him. With respect to the state courts' credibility determinations, Petitioner has not demonstrated that the "credibility determinations were objectively unreasonable based on the record," so this Court defers to the state courts' conclusions that Petitioner was not credible when he testified

that his attorney promised him he would receive a three-year term of imprisonment plus probation in exchange for the pleas. See **Smulls**, 535 F.3d at 864. Having found that testimony not credible, the motion court's decision is supported by the credible testimony of Petitioner's counsel that he did not promise Petitioner such a sentence would result from his pleas, and the appellate court's affirmance of that decision is not erroneous or unreasonable.

The Missouri Court of Appeals also found this claim refuted by the record in that, during the plea proceeding, Petitioner responded in the negative when asked if he had been told to lie, and said that he understood the range of punishment, that the sentences could be imposed consecutively, and that he would not necessarily get probation. The state appellate court further found that Petitioner had not demonstrated that any advice by counsel to plead rather than go to trial was unreasonable. These findings are supported by the evidentiary record, in particular Petitioner's statements before the plea court, as well as his attorney's testimony before the motion court; and preclude federal habeas relief. Notably, a petitioner's acknowledgment in open court of the potential term of imprisonment he may receive upon a plea, such as Petitioner's acknowledgment that he could receive concurrent or consecutive terms of imprisonment between ten and thirty years or for life for first-degree robbery, three years to life for armed criminal action, and five to fifteen years for second-degree robbery and first-degree burglary (see Plea Tr. at 11, 23-24, Legal File, Resp't Ex. 3, at 29, 32), does not support habeas relief based on a claim the attorney incorrectly informed the petitioner of a different sentence. See **Premachandra v. United States**, 101 F.3d 68, 69 (8th Cir. 1996) (rejecting habeas claim that a guilty plea was not voluntary in that trial counsel had incorrectly

informed the petitioner that he would not serve a lengthy prison term if he pled guilty because, in relevant part, at the plea proceeding, the petitioner expressly acknowledged the potential sentence he faced); see also **United States v. Has No Horses**, 261 F.3d 744, 749 (8th Cir. 2001) (rejecting, based on the defendant's testimony during the plea, a claim that erroneous advice by counsel about an expected sentence entitled the defendant to set aside his guilty plea); **United States v. McKnight**, 186 F.3d 867, 869 (8th Cir. 1999) (per curiam) (the court concluded that the defendant's hope of a lesser sentence did "not translate into a claim for relief" because the plea agreement and colloquy indicated that the defendant knew he faced a greater sentence).

The record supports the state appellate court's decision affirming the motion court's denial of relief on Petitioner's claim that his attorney provided ineffective assistance by advising Petitioner he would receive a three-year term of imprisonment and probation in exchange for his plea. The state appellate court's decision is not contrary to, or an unreasonable application of, clearly established Federal law; and is not based on an unreasonable determination of the facts.

Ground one should be denied.

Request for an Evidentiary Hearing. In his reply, Petitioner requests an evidentiary hearing. (See Pet'r Reply at 8 [Doc. 13].)

In most federal habeas proceedings, an evidentiary hearing is barred under the AEDPA. 28 U.S.C. § 2254(e)(2); **Williams v. Norris**, 576 F.3d 850, 859-60 (8th Cir. 2009). Even if a hearing is statutorily permitted, "the decision whether to grant or deny the requested hearing

'rest[s] in the discretion of the district court.'" **Crawford v. Norris**, 363 Fed. Appx. 428, 429-30 (8th Cir. 2010) (unpublished per curiam opinion) (quoting Williams v. Norris, 576 F.3d at 860).  A hearing may be warranted where it would enable the habeas petitioner "to prove the petition's factual allegations which, if true, would entitle" the petitioner to relief.  **Id.** at 430 (quoting Schriro v. Landrigan, 550 U.S. 465, 474 (2007)).  "If the factual allegations a petitioner seeks to prove would not entitle him to relief under the relevant standard, then an evidentiary hearing is not required."  **Id.**

The record reveals that Petitioner entered an Alford plea and was sentenced with respect to each of seven charges; then filed an original pro se post-conviction motion and, through counsel, an amended post-conviction motion; then testified, in addition to his wife and plea attorney, at an evidentiary hearing in his post-conviction motion proceeding; and then pursued on appeal in the post-conviction proceeding one of the grounds for relief he is presenting in this federal habeas action.  Petitioner had the opportunity in state court to develop all facts necessary to the resolution of his two federal habeas grounds for relief.  Those grounds for relief may be resolved on the available record, which includes relevant documentation from the state court proceedings.  There is no need for an evidentiary hearing because, as this Court's discussion of Petitioner's two grounds for relief discloses, Petitioner would not be able to prove factual allegations entitling him to federal habeas relief with respect to either of his grounds for relief.

Petitioner's request for an evidentiary hearing will be denied.

## Conclusion

After careful consideration, the undersigned will deny Petitioner's request for an evidentiary hearing and recommends that Petitioner's federal habeas petition be dismissed because ground one lacks merit and ground two is procedurally barred or, alternatively, lacks merit. Accordingly,

**IT IS HEREBY ORDERED** that Terry Russell is **SUBSTITUTED** for Steve Larkins as the named Respondent.

**IT IS FURTHER ORDERED** that Petitioner's request for an evidentiary hearing [Doc. 13 at 8] is **DENIED**.

**IT IS FINALLY RECOMMENDED** that the 28 U.S.C. § 2254 petition of Rodney Twitty be **DISMISSED** without further proceedings.

The parties are advised that they have **fourteen days** to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of May, 2013.